IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE DOE RUN RESOURCES CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOCAP, LLC,  DICKEY FARM SUPPLY, INC., JAMES BESS, JAYNE BESS, THE JAMES BESS AND JAYNE BESS REVOCABLE TRUST DATED THE 4TH DAY OF NOVEMBER, 1997, MORGAN AND WHITE QUARRIES, INC., UNION PACIFIC RAILROAD COMPANY, BIG RIVER QUARRY LLC, WEST END DIVING – BONNE TERRE, INC., WEST END DIVING AND SALVAGE, INC., AMERICAN ACADEMY OF UNDERWATER EDUCATION, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.<br> |

**COMPLAINT**

For its Complaint, Plaintiff The Doe Run Resources Corporation (hereinafter "Plaintiff" or "Doe Run"), by and through counsel, alleges as follows:

**I.　STATEMENT OF THE CASE**

1.　This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), seeking recovery of costs incurred pursuant to a 2018 Consent Decree between the United States, The State of Missouri, and Doe Run.  Each Defendant is a present owner of the Big River Site, an owner or operator at the Big River Site at the time of disposal, and/or generated,

78126199.2

transported, and/or arranged for the disposal of materials containing hazardous substances to the Big River Site.

2. Doe Run seeks cost recovery and contribution from each Defendant pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), for past and future response costs incurred and to be incurred by Doe Run for response activities undertaken and to be undertaken pursuant to the 2018 Consent Decree, along with a declaration as to each Defendant's liability and an allocation of past and future response costs among all parties.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), providing federal jurisdiction over controversies arising under CERCLA, and pursuant to 28 U.S.C. § 1331, providing federal jurisdiction over controversies involving questions of federal law. The Court also has jurisdiction over the request for declaratory relief under Section 113 of CERCLA, 42 U.S.C. § 9613 and 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over each Defendant because each Defendant owns or operates real property and/or a facility in the Big River Site, arranged for the disposal of hazardous substances at the Big River Site, and/or transported hazardous substances at the Big River Site.

5. Venue is proper in this district pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous substances that give rise to this action occurred and/or are occurring at or from the Big River Site located in this judicial district.

**III.     THE PARTIES**

6. Plaintiff, The Doe Run Resources Corporation, is a New York company registered to do business in the State of Missouri.

7. Defendant MOCAP, LLC is a limited liability corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8. Defendant Dickey Farm Supply, Inc. is a corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

9. Defendant Big River Quarry LLC, is a limited liability corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. Defendant James Bess is an individual and a trustee of James Bess and Jayne Bess Revocable Trust dated the 4th day of November, 1997 who resides in Bonne Terre Missouri and is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

11. Defendant Jayne Bess is an individual and a trustee of James Bess and Jayne Bess Revocable Trust dated the 4th day of November, 1997 who resides in Bonne Terre Missouri and is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

12. Defendant James Bess and Jayne Bess Revocable Trust dated the 4th day of November, 1997 is a trust that owns real property in the Big River Site and is a liable party under CERCLA.

13. Defendant Union Pacific Railroad Company ("Union Pacific") is a foreign corporation registered to do business in the State of Missouri and is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

14. Defendant Morgan And White Quarries Inc. is a corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15. Defendant West End Diving- Bonne Terre, Inc. is a corporation doing business in State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

16. Defendant American Academy of Underwater Education, Inc. is a corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

17. Defendant West End Diving and Salvage Co., Inc. is a corporation doing business in the State of Missouri and a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

**IV.   ALLEGATIONS COMMON TO ALL CLAIMS AND ALL PARTIES**

18. The Big River Site, previously referred to as the St. Francois County Mining Area, is located in St. Francois County, Missouri in a former mining region known as the "Old Lead Belt".

19. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Big River Site on the National Priorities List ("NPL"), set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on October 14, 1992, 57 Fed. Reg. 47180. (EPA ID # MOD981126899)

20. The Big River Site is a large site that includes numerous source areas, residential areas, streams, commercial areas, recreational areas, and other areas.

21. The Big River Site includes three Operable Units: OU-00, OU-01, OU-02.

22. OU-01 includes residential areas where lead has come to be located in and around St. Francois County, Missouri.

23. In accordance with the NCP and Section 121(f)(l)(F) of CERCLA, 42 U.S.C. § 9621 (f)(l )(F), EPA notified the State of Missouri on October 31, 2011, of negotiations with potentially responsible parties ("PRPs") regarding the implementation of the remedial design and remedial action ("RD/RA") for the Big River Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

24. The State of Missouri joined as co-Plaintiff in the United States' complaint.

25. On April 4, 2018 the United States of America ("United States"), on behalf of the Administrator of the Environmental Protection Agency ("EPA"), and the State of Missouri filed a complaint alleging that, pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, Doe Run is a responsible party at the Big River Site. (CASE #: 4:18-cv-00502-RLW, Doc. #1).

26. In the complaint the United States and State of Missouri sought, *inter alia:* (1) reimbursement of costs incurred by EPA and the Department of Justice ("DOJ") for response actions at the Big River Site, together with accrued interest; and (2) performance of response actions by Doe Run at the Big River Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 ("NCP").

27. The United States, the State of Missouri, and Doe Run reached an agreement that was memorialized in a Consent Decree. In the agreement, Doe Run did not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaint, nor did it

acknowledge that the release or threatened release of hazardous substances at or from the Big River Site constitutes an imminent and substantial endangerment to the public health or welfare or the environment.

28. The United States filed the proposed Consent Decree with the Court on April 4, 2018.

29. The Court approved the Consent Decree on May 22, 2018 (The "2018 CD"). Attached as Exhibit 1 is a copy of the 2018 Consent Decree.

30. The effective date of the Consent Decree is May 22, 2018

31. Pursuant to the 2018 CD, Doe Run agreed to, among other things, perform the work outlined in the Consent Decree and resolve the State of Missouri's and the United States' claims for past costs, oversight costs, remedial costs, and removal costs for OU-1 and the Hayden Creek Mining Area.

32. Through May 21, 2021, Doe Run has incurred significant costs performing the work called for in the 2018 CD.

33. The response costs incurred to date by Doe Run are necessary to address the alleged release and/or threatened release at the Big River Site, are required by EPA in the 2018 CD and otherwise, and as such are consistent with the National Contingency Plan ("NCP").

34. In addition, Doe Run has incurred and will continue to incur additional recoverable response costs associated with the 2018 CD that are closely tied to the response activities in the 2018 CD, which Doe Run is also entitled to recover against parties liable under CERCLA.

35. Doe Run will continue to incur response costs in order to conduct removal and remedial actions at the Big River Site as required by the United States, State of Missouri, the EPA and/or MDNR under the 2018 CD.

## V. DEFENDANTS' LIABILITY FOR THE BIG RIVER SITE

36. Section 107(a)(1)-(4) of CERCLA, 42 U.S.C. §§ 9607(a)(1)-(4), provides, in relevant part, that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance,
>
> shall be liable for –
>
> (A) all costs of removal or remedial action incurred by... a State... not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;....

37. Defendant Dickey Farm Supply, Inc. arranged for the disposal of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant Dickey Farm Supply, Inc. is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

7

78126199.2

38. Defendant Dickey Farm Supply, Inc. transported hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, to the Big River Site.  As a "person" who transported hazardous substances to the Big River Site, Defendant Dickey Farm Supply, Inc. is liable under Section 107(a)(4) of CERCLA, 42 U.S.C. §§ 9607(a)(4).

39. Defendant Dickey Farm Supply, Inc.'s actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant Dickey Farm Supply, Inc. has arranged for the disposal of hazardous substances at the Big River Site.  As a "person" who arranged for the disposal of hazardous substances, Defendant Dickey Farm Supply, Inc. is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

40. Defendant MOCAP, LLC currently owns real property located in the Big River Site that contains hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States. As a current owner, Defendant MOCAP, LLC is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(1).

41. Defendant MOCAP, LLC owned real property located in the Big River Site at the time when hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, were placed there.  This constitutes a disposal under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2).  As an owner at the time of disposal, Defendant MOCAP, LLC is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2).

42. Defendant MOCAP, LLC arranged for the disposal of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, at the Big River Site.  As a "person" who arranged for the disposal of hazardous substances, Defendant MOCAP, LLC is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

78126199.2

43. Defendant MOCAP, LLC's actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant MOCAP, LLC has arranged for the disposal of hazardous substances at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant MOCAP, LLC is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

44. Defendants Big River Quarry LLC and Defendant Morgan and White Quarries, Inc. (Collectively "Big River Quarry") currently own real property located in the Big River Site that contains hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States. As a current owner, Defendant Big River Quarry is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(1).

45. Defendant Big River Quarry arranged for the disposal of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant Big River Quarry is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

46. Defendant Big River Quarry actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant Big River Quarry has arranged for the disposal of hazardous substances at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant Big River Quarry is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

47. Defendant Union Pacific currently owns numerous parcels located in the Big River Site that contain hazardous substances. As a current owner, Defendant Union Pacific is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(1).

48. Defendant Union Pacific owned numerous parcels located in the Big River Site at the time when hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, were placed there.  This constitutes a disposal under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2).  As an owner at the time of disposal, Defendant Union Pacific is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2).

49. Defendant Union Pacific arranged for the disposal of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant Union Pacific is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

50. Defendant Union Pacific's actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant Union Pacific has arranged for the disposal of hazardous substances at the Big River Site.  As a "person" who arranged for the disposal of hazardous substances, Defendant Union Pacific is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

51. Defendants James Bess, Jayne Bess, and the James Bess and Jayne Bess Revocable Trust dated the 4th day of November 1997 (Collectively "James and Jayne Bess") currently own real property located in the Big River Site that contains hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States.  As a current owner, Defendant James and Jayne Bess are liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(1).

52. Defendants James and Jayne Bess operated a facility located in the Big River Site that released hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§

10

9601(14) and/or the United States. As a "person" who arranged for the disposal of hazardous substances, Defendants James and Jayne Bess are liable under Section 107(a)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(1).

53. Defendants James and Jayne Bess owned real property located in the Big River Site at the time when hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States, were placed there. This constitutes a disposal under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2). As an owner at the time of disposal, Defendants James and Jayne Bess are liable under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2).

54. Defendants James and Jayne Bess arranged for the disposal of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and/or the United States on their property, at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendants James and Jayne Bess are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

55. Defendant James and Jayne Bess's actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant James and Jayne Bess has arranged for the disposal of hazardous substances at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendants James and Jayne Bess are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

56. Defendants American Academy of Underwater Education, Inc., West End Diving – Bonne Terre, Inc., and West End Diving and Salvage Co., Inc. (collectively "West End Diving"), are currently claiming, through various legal theories, to be the owner of a lead mine in Bonne Terre, Missouri. West End Diving is also the current operator of that mine, which is within the

78126199.2

Big River Site. Doe Run disputes West End Diving's claims of ownership. However, under Section 101(20) of CERCLA, 42 U.S.C. §§ 9601(a)(20) the term "owner or operator" is not limited to parties that own legal title to real property. It is undisputed that West End Diving currently operates a lead mine in the Big River Site. As a current operator of the lead mine, West End Diving is liable under CERCLA.

57. Defendant West End Diving's actions and inaction have led to the migration of hazardous substances from its property to other parts of the Big River Site and as such Defendant West End Diving has arranged for the disposal of hazardous substances at the Big River Site. As a "person" who arranged for the disposal of hazardous substances, Defendant West End Diving is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §§ 9607(a)(3).

58. All Defendants are liable to Doe Run for the costs Doe Run incurred performing its obligations under the 2018 CD. To date, no Defendant has reimbursed Doe Run for any costs Doe Run incurred at the Big River Site pursuant to the 2018 CD.

## COUNT ONE

### COST RECOVERY UNDER CERCLA 107

59. Doe Run realleges and incorporates by reference Paragraph Nos. 1 through 58 of this Complaint as if fully restated herein

60. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) states:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> (1) the owner or operator of a vessel or a facility,

12

    (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

    (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

    (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or Sites selected by such person, from which there is a release or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –

        i.    all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the National Contingency Plan;

        ii.    any other necessary costs of response incurred by any other person consistent with the national contingency plan . . .

61. The Big River Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

62. There has been a "release" and/or a threatened "release" of "hazardous substances" at the Big River Site, which has caused the incurrence of "response" costs by Doe Run, within the meanings of Sections 101(22), 101(14) and 107 of CERCLA, 42 U.S.C. §§ 9601(22), 9601(14) and 9607.

63. Doe Run is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

13

64. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

65. Pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(1), 9607(a)(2), 9607(a)(3) and/or 9607(a)(4), each Defendant is liable as an owner, owner at the time of disposal, arranger or generator of materials containing hazardous substances, which materials were disposed at the Big River Site; and/or a transporter of hazardous substances who selected the Big River Site for the disposal of such hazardous substances, and who did dispose of such hazardous substances at the Site.

66. As a result of the release and threatened release of hazardous substances at or from the Big River Site, Doe Run has incurred response costs and will continue to incur response costs as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

67. The response costs incurred by Doe Run in connection with the Big River Site are consistent with the NCP.

68. Pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for the voluntary past and future response costs incurred and to be incurred by Doe Run in response to the release or threatened release of hazardous substances at and from the Big River Site arising out of Doe Run's obligations in the 2018 CD.

WHEREFORE, Doe Run prays that:

    a) judgment be entered in its favor and against Defendants, jointly and severally, for all response costs incurred and to be incurred by Doe Run;

    b) a declaratory judgment be entered against Defendants regarding their liability for response costs that will be binding on any subsequent action

      or actions to recover further response costs;

c) the Court award Doe Run its costs of suit, including costs of enforcement activities such as attorneys' fees, expert witness fees, interest, and;

d) the Court award such other and further relief as the Court shall deem just and proper.

## COUNT TWO

## **CONTRIBUTION UNDER CERCLA 113**

69. Doe Run realleges and incorporates by reference Paragraph Nos. 1 through 68 of this Complaint as if fully restated herein

70. Sections 113(f)(1) and (3)(B) of CERCLA, 42 U.S.C. §§ 9613(f)(1) and (3)(B), provide, in relevant part, that:

> (1) Contribution
>
> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a)....
>
> (2) Settlement
>
> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement....

71. Doe Run has resolved its liability to the United States and the State of Missouri for matters covered in the 2018 CD.

15

72. All Defendants are liable parties under CERCLA, but have not resolved their liability to Doe Run, the United States, or the State of Missouri for matters addressed in the 2018 CD.

73. Through May 21st, 2021 Doe Run has been compelled to incur and/or otherwise pay significant response costs at the Big River Site pursuant to the 2018 CD.

74. Doe Run is entitled to contribution from all Defendants under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Defendants' respective equitable shares of all costs and damages incurred by Doe Run, including applicable interest as provided for in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), arising out of Doe Run's obligations in the 2018 CD.

WHEREFORE, Doe Run prays that:

a) judgment be entered in its favor and against Defendants, jointly and severally, for all response costs incurred and to be incurred by Doe Run;

b) a declaratory judgment be entered against Defendants regarding their liability for response costs that will be binding on any subsequent action or actions to recover further response costs;

c) the Court award Doe Run its costs of suit, including costs of enforcement activities such as attorneys' fees, expert witness fees, interest, and;

d) the Court award such other and further relief as the Court shall deem just and proper.

## COUNT III

## **DECLARATORY JUDGMENT**

78126199.2

75. Doe Run realleges and incorporates by reference Paragraph Nos. 1 through 74 of this Complaint as if fully restated herein

76. Doe Run seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against all Defendants holding them liable for their respective equitable shares of response and remedial costs, that will be binding in any subsequent action to recover further response and remedial costs.

77. Doe Run is entitled to judgment against all Defendants for past and future response costs arising out of Doe Run's obligations in the 2018 CD.

WHEREFORE, Doe Run requests that judgment be entered in its favor and against Defendants:

    a) ordering Defendants to reimburse Doe Run for their equitable share, as determined by the Court, of response costs under 42 U.S.C. § 9607(a) which Doe Run has incurred or may incur in the future in connection with the Big River Site;

    b) ordering a declaratory judgment that Defendants shall be liable under 42 U.S.C. § 9607(a) for their equitable share of response costs, as determined by the Court, which Doe Run has incurred or may incur in the future in connection with the Big River Site; and

    c) awarding Doe Run its costs and attorneys' fees and all other relief that the Court deems appropriate.

**Dated:  May 21, 2021**

        **Respectfully submitted,**

        **POLSINELLI PC**


        **By: /s/ *William J. Curtis***
            **WILLIAM J. CURTIS (MO #51830)**
            **100 S. Fourth Street, Suite 1000**
            **St. Louis, MO 63102**
            **(314) 889-8000**
            **Fax No: (314) 231-1776 Fax**
            **wcurtis@polsinelli.com**


        **ATTORNEY FOR PLAINTIFF**
        **DOE RUN RESOURCES CORPORATION**

78126199.2